**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, | No. CV 10-1144-PHX-MHM (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Officer Korsen, et al., | |
| Defendants. | |

On May 27, 2010, Plaintiff Jenghiz K. Stewart, who is confined in the Arizona State Prison Complex-Eyman in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12102, and § 504 of the Rehabilitation Act (Doc. #1) and an Application to Proceed *In Forma Pauperis*. In a June 9, 2010 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to file a complete Application to Proceed *In Forma Pauperis*.

On June 16, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. #7). The Court will grant the second Application to Proceed, will order Defendants Korsen, Jackson, and Lopez to answer Count One of the Complaint, and will dismiss the remaining claims and Defendants without prejudice.

**I.     Second Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's second Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C.

1  § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1).
2  The statutory fee will be collected monthly in payments of 20% of the previous month's
3  income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The
4  Court will enter a separate Order requiring the appropriate government agency to collect and
5  forward the fees according to the statutory formula.

**II.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

. . . .

1 **III. Complaint**

2     In his four-count Complaint, Plaintiff sues the following Defendants: Count
3 Movement Officer II Korsen, Second Shift Kitchen Officers II Muller and Nietto,
4 Corrections Officers II Lopez and C. Jackson, Deputy Warden Credio, and Arizona
5 Department of Corrections Director Charles Ryan. In his Request for Relief, Plaintiff seeks
6 injunctive relief and monetary damages.

7 **IV. Discussion of Complaint**

8     Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519,
9 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v.
10 Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further,
11 a liberal interpretation of a civil rights complaint may not supply essential elements of the
12 claim that were not initially pled. Id.

13     **A.    Count One**

14     In Count One, Plaintiff alleges that Defendants have subjected him to cruel and
15 unusual punishment in violation of the Eighth Amendment. Specifically, Plaintiff claims
16 Defendant Korsen placed him in a room where Plaintiff would be exposed to stimuli that
17 would cause "seizing" and that Defendant Korsen did so knowing that the room "was adverse
18 to [Plaintiff's] health and welfare." Plaintiff alleges that Defendant Jackson purposely
19 approaches Plaintiff with her radio turned up "full blast" and yells in an extremely high
20 pitched voice, which "jolt[s Plaintiff's] nervous system." Plaintiff contends that Defendant
21 Lopez, knowing of Plaintiff's need to eat, would not let Plaintiff out of his cell and would
22 not allow Plaintiff's cellmate to escort him, despite knowing of a special needs order.
23 Plaintiff asserts that Defendants Muller and Nietto served Plaintiff's "lay in trays" extremely
24 late, which forced Plaintiff to go hungry and caused side effects from Plaintiff's medications.
25 Plaintiff claims that Defendants Credio and Ryan "allowed these for lack of proper training,
26 communications or memorandum to their subordinates."

27     An Eighth Amendment claim requires a sufficiently culpable state of mind by the
28 Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834

1  (1994). Deliberate indifference is a higher standard than negligence or lack of ordinary due
2  care for the prisoner's safety. Id. at 835. To state a claim of deliberate indifference,
3  plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be,
4  objectively, "sufficiently serious"; the official's act or omission must result in the denial of
5  "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison official
6  must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate
7  indifference to inmate health or safety. Id. In defining "deliberate indifference" in this
8  context, the Supreme Court has imposed a subjective test: "the official must both be aware
9  of facts from which the inference could be drawn that a substantial risk of serious harm
10 exists, and he must also draw the inference." Id. at 837 (emphasis added).

To state an Eighth Amendment claim based on a failure to train, a plaintiff must allege facts to support that the alleged failure amounted to deliberate indifference. Canell v. Lightner, 143 F.3d 1210, 1213 (9th Cir. 1998). A plaintiff must allege facts to support that not only was particular training inadequate, but also that such inadequacy was the result of "a 'deliberate' or 'conscious' choice" on the part of the defendant. Id. at 1213-14; see Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts to support that "in light of the duties assigned to specific officers or employees, the need for more or different training is [so] obvious, and the inadequacy so likely to result in violations of constitutional rights, that the policy[]makers . . . can reasonably be said to have been deliberately indifferent to the need." (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989)).

Plaintiff has failed to state a claim against Defendants Muller and Nietto because he has failed to allege that Defendants Muller and Nietto were deliberately indifferent to Plaintiff's health or safety. Plaintiff has failed to state a claim against Defendants Credio and Ryan because Plaintiff has failed to allege that these Defendants were deliberately indifferent to Plaintiff's safety or that any allegedly inadequate training was the result of a deliberate or conscious choice. Thus, the Court will dismiss without prejudice Count One against Defendants Muller, Nietto, Credio, and Ryan.

Liberally construed, Plaintiff has stated Eighth Amendment deliberate indifference claims against Defendants Korsen, Jackson, and Lopez. The Court will require Defendants Korsen, Jackson, and Lopez to answer Count One.

**B.     Count Two**

In Count Two, Plaintiff alleges that Defendants Korsen, Muller, Jackson, Nietto, Lopez, and "quite possibly Credio," have retaliated against him, in violation of the First Amendment, because he has filed grievances and voiced complaints about their conduct. Plaintiff claims that Defendant Korsen retaliated by placing Plaintiff in a cell "adverse to medical conditions" and that Defendant Lopez retaliated against Plaintiff by not letting Plaintiff out of his cell and not allowing Plaintiff's cellmate escort him. Plaintiff alleges that Defendant Jackson retaliated against him because a lieutenant and a correctional officer permitted Plaintiff to eat a meal in front of the dining hall. Plaintiff asserts that Defendants Muller and Nietto retaliated by not serving Plaintiff's food early because "they do not feel he should be allowed lay in trays despite doctors' orders" and they will not allow inmate helpers to pick up Plaintiff's tray because they "do not like being told by supervisors how to run 'their kitchen.'" Plaintiff also claims Defendant Credio "more likely" retaliated because of issues prior to Plaintiff's removal from the Rynning Unit.

A viable claim of First Amendment retaliation contains five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights (or that the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Hines v. Gomez, 108 F.3d 265, 267 (9th Cir. 1997) (retaliation claims requires an inmate to show (1) that the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) that the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating that his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants'

conduct. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).

Plaintiff has failed to state a First Amendment retaliation claim because he has failed to allege that Defendants' conduct did not reasonably advance a legitimate correctional goal. Moreover, Plaintiff has stated an alternative basis for Defendants Jackson, Muller, and Niettos's conduct. Thus, it is not clear that Plaintiff's exercise of his First Amendment rights was a substantial or motivating factor behind Defendants Jackson, Muller, or Nietto's conduct. Finally, Plaintiff's claim against Defendant Credio is vague, conclusory, and speculative. Thus, the Court will dismiss without prejudice Count Two.

**C.    Count Three**

In Count Three, Plaintiff alleges that all of the Defendants except Defendant Ryan have discriminated against him in violation of § 504 of the Rehabilitation Act "by reason of their actions toward him [described in Counts One and Two]."

Under Title II of the Americans with Disabilities Act (ADA), "no qualified individual with a disability shall, by reason of such disability, be excluded in participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in this provision, a "public entity" is defined, in part, as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131.

The Rehabilitation Act (RA) "is materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance." Armstrong v. Davis, 275 F.3d 849, 862 n.17 (9th Cir. 2001) (internal quotation omitted). Title II of the ADA was expressly modeled after § 504 of the RA. Zuckle v. Regents of the University of California, 166 F.3d 1041, 1045 (9th Cir. 1999). Because the ADA has a broader scope, the Ninth Circuit analyzes both Acts under an ADA standard. See Armstrong, 275 F.3d at 862; Zuckle, 166 F.3d at 1045 n.11 ("There is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act.").

To state an ADA or RA claim, a plaintiff must demonstrate that he:

> (1) is a handicapped person; (2) that he is otherwise qualified; and that [prison officials'] actions either (3) excluded his participation in or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.

Duffy v. Riveland, 98 F.3d 447, 455 (9th Cir. 1996).

Plaintiff has failed to state a claim because he has failed to allege that he is a handicapped person. He alleges that he is an "American with Disabilities" and made reference to his "disorders," "tics," and "seizing," but these vague and conclusory allegations are insufficient to demonstrate that he is a handicapped person. Thus, the Court will dismiss without prejudice Count Three.

**D.     Count Four**

In Count Four, Plaintiff claims a violation of the Eighth Amendment prohibition against cruel and unusual punishment because "[a]ll Defendants have collectively and/or in part acted with wanton malice against the Plaintiff, and their actions were purposeful, subjecting him to suffer cruelty Ct I, II, III." This claim is duplicative of his allegations in Counts One, Two, and Three and is too vague and conclusory to state a claim. Thus, the Court will dismiss Count Four without prejudice.

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. #7) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Counts Two, Three, and Four, and Defendants Muller, Nietto, Credio, and Ryan, are **dismissed** without prejudice.

(4)     Defendants Korsen, Jackson, and Lopez must answer Count One.

(5)     The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendants Korsen, Jackson, and Lopez.

(6)     Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7)     If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the

1 action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv
2 16.2(b)(2)(B)(i).

3 (8) The United States Marshal must retain the Summons, a copy of the Complaint,
4 and a copy of this Order for future use.

5 (9) The United States Marshal must notify Defendants of the commencement of
6 this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal
7 Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The
8 Marshal must immediately file requests for waivers that were returned as undeliverable and
9 waivers of service of the summons. If a waiver of service of summons is not returned by a
10 Defendant within 30 days from the date the request for waiver was sent by the Marshal, the
11 Marshal must:

12 (a) personally serve copies of the Summons, Complaint, and this Order upon
13 Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

14 (b) within 10 days after personal service is effected, file the return of service
15 for Defendant, along with evidence of the attempt to secure a waiver of service of the
16 summons and of the costs subsequently incurred in effecting service upon Defendant.
17 The costs of service must be enumerated on the return of service form (USM-285) and
18 must include the costs incurred by the Marshal for photocopying additional copies of
19 the Summons, Complaint, or this Order and for preparing new process receipt and
20 return forms (USM-285), if required. Costs of service will be taxed against the
21 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
22 Procedure, unless otherwise ordered by the Court.

23 (10) **A Defendant who agrees to waive service of the Summons and Complaint**
24 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

25 (11) Defendants Korsen, Jackson, and Lopez must answer Count One the Complaint
26 or otherwise respond by appropriate motion within the time provided by the applicable
27 provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

28

(12) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(13) This matter is referred to Magistrate Judge Edward C. Voss pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 1st day of July, 2010.

_____
Mary H. Murguia
United States District Judge