**WO**                                                                                                              SVK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart,<br><br>    Plaintiff,<br><br>vs.<br><br>Unknown Korsen, et al.,<br><br>    Defendants. | No. CV 10-1144-PHX-MHM (ECV)<br><br>**ORDER** |

Plaintiff Jenghiz K. Stewart brought this civil rights action under 42 U.S.C. § 1983 against various employees of the Arizona Department of Corrections (ADC). (Doc. 1.) Before the Court is Plaintiff's Motion for Injunction and Temporary Restraining Order. (Doc. 25.) The motion will be denied as moot.

**I.  Background**

In Count I, Plaintiff claimed that Officer Korsen placed him in a room where Plaintiff would be exposed to stimuli that would cause "seizing" and that Korsen did so knowing that the room "was adverse to [Plaintiff's] health and welfare." (Doc. 1.) Plaintiff alleged that Officer Jackson purposely approached Plaintiff with her radio turned up "full blast" and yelled in an extremely high pitched voice, which "jolt[s Plaintiff's] nervous system." Plaintiff contended that Officer Lopez, knowing of Plaintiff's need to eat, would not let Plaintiff out of his cell and would not allow Plaintiff's cellmate to escort him, despite knowing of a special needs order. (Id.) The Court directed Korsen, Jackson, and Lopez to answer Count I and dismissed the remaining Counts and Defendants. (Doc. 8.)

After Defendants were directed to answer, they filed a Motion to Dismiss for failure to exhaust administrative remedies. (Doc. 17.)[1] Plaintiff sought and received an extension of time to respond to the motion. (Docs. 23, 27.) Plaintiff then filed his instant motion for injunctive relief, contending that a prison paralegal refused to photocopy all of Plaintiff's exhibits that he desired to submit with his response. (Doc. 25). Plaintiff's motion seeks an order compelling the paralegal to make Plaintiff's requested photocopies. (Id.)

## II.     Motion for Injunctive Relief

### A.     Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and "one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (*per curiam*) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995) (emphasis added)). To obtain a preliminary injunction, the moving party must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).  The moving party has the burden of proof on each element of the test. Envtl. Council of Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

### B.     Analysis

After service of Plaintiff's motion for injunctive relief, Plaintiff filed his response to Defendants' motion to dismiss, which included over 250 pages of exhibits. (Docs. 31, 34.)[2] Plaintiff appears to argue in his response that he did not exhaust because, for various reasons, the grievance procedure was not "available" to him; he does not claim that documents he needs have not been copied. (Doc. 31.)  Because Plaintiff has received the relief he requested, his motion for injunctive relief is moot and will be denied. Hodger-Durgin v. De

---

[1] Defendants' motion remains pending and will be addressed by separate order.

[2] Plaintiff files a combined response to Defendants' Motion to Dismiss and his own Motion for Summary Judgment.

- 2 -

1  La Vina 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting O'Shea v. Littleton, 414 U.S. 488, 494
2  (1974)).
3      Furthermore, a court may not issue an injunction against individuals who are not
4  parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S.
5  100, 110 (1969); see also Fed. R. Civ. P. 65(d)(2)(C).  Consequently, Plaintiff's request for
6  injunctive relief against a prison paralegal is inappropriate.  For this additional reason, the
7  motion must be denied.
8      Finally, Plaintiff filed a duplicate request for injunctive relief, styled as a motion to
9  compel.  (Doc. 29.)  This duplicative motion will also be denied.
10 **IT IS ORDERED:**
11     (1) The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's Motion for
12 Injunction and Temporary Restraining Order (Doc. 25) and Motion to Compel of Exhibits
13 (Doc. 29).
14     (2) Plaintiff's Motion for Injunction and Temporary Restraining Order (Doc. 25) and
15 Motion to Compel of Exhibits (Doc. 29) are **denied as moot**.
16     DATED this 28th day of December, 2010.

_____
Mary H. Murguia
United States District Judge